# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>Plaintiff,<br><br>v.<br><br>DR. SAO, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00484-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

James Carl Kelly ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 9, 2018, Plaintiff commenced this action by filing a Complaint. (ECF No. 1). Plaintiff alleges that he suffers from chronic pain, but is not receiving adequate pain medication.

The Court has screened the Complaint, and finds that it fails to state a cognizable federal claim for the reasons described below. This Court recommends that the District Judge dismiss the federal claim for deliberate indifference to serious medical needs under the Eighth Amendment with prejudice for failure to state a claim. The Court recommends that the District Judge dismiss any state law claims for medical malpractice without prejudice for lack of jurisdiction.

If Plaintiff disagrees with this recommendation, he may file objections to this order within 21 days from the date of this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

///

## II. PLAINTIFF'S ALLEGATIONS IN HIS COMPLAINT

Plaintiff alleges that he is a victim of abuse including sodomy and rape. As a result of this abuse, Plaintiff received injuries such as degenerative disk disease with pinched nerves in his left buttock, left leg, and left heel. He uses a wheel chair for ambulation. It hurts when he walks. If the disk grinds all the way down, he will be "cripple."

Plaintiff states that Doctor Sao says it is too early for Tylenol 3 narcotic pain medications. Doctor Ulit also said no to Tylenol 3 and he doesn't believe Plaintiff will be "crippled." In 2003, Dr. S. Padons also said it was too early.

Plaintiff is in chronic pain and cannot sleep all night. Plaintiff had to give up his walker because of the pain.

Plaintiff was on Tylenol 3 from 2003 until 2017, when doctors said they would not reorder Tylenol 3 for him. Plaintiff claims the doctors will not alleviate his chronic pain.

Plaintiff states that "I want a judge to be the third person to make the decision."

## III. DISCUSSION

### A. Eighth Amendment

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Assuming the medical need is "serious," a plaintiff must show that the defendant acted with deliberate indifference to that need. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). It entails something more than medical malpractice or even gross negligence. Id. Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison

officials provide medical care." Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).

Critically, "a difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014). Instead, to establish deliberate indifference in the context of a difference of opinion between a physician and the prisoner or between medical providers, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiffs health.'" Id. at 988 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)). In other words, where there has been some arguably appropriate treatment, deliberate indifference cannot be established merely by showing disagreement with the physician but only by showing that the defendant chose a course of treatment knowing that it was inappropriate. Put differently, a court cannot substitute its judgment for that of a medical professional, but it can examine a medical professional's good faith in selecting a course of treatment.

Plaintiff fails to state a claim for a violation of the Eighth Amendment for cruel and unusual punishment based on deliberate indifference to serious medical needs. Plaintiff alleges that he suffers from chronic pain. He used to receive Tylenol 3, which is a narcotic pain medication, but that was stopped in January 2017. It is clear that Plaintiff feels strongly that he needs this type of pain medication. However, Plaintiff has not alleged any facts indicating that his doctors agree. It is not enough to allege that Plaintiff disagrees with his doctors. In order to establish a constitutional claim, Plaintiff must allege facts indicating that his doctors believe that he needs the medication but refuse to provide it. It is not the Court's role to decide the best medical treatment when there is a difference of opinion between Plaintiff and his doctors.

Indeed, Plaintiff alleges that his doctors do not believe he needs the pain medication. Plaintiff states that "Doctor SAO says it is too early for Tylenol 3 narcotic pain medication," and

"Doctor Ulit said no to Tylenol 3 and he don't believe I will be cripple . . . ." (ECF No. 1, at p. 3).

For these reasons, Plaintiff fails to state a claim for unconstitutional treatment under the Eighth Amendment.

### B. Related State Law Claims

Plaintiff also asserts a claim for medical malpractice. Because the Court recommends dismissing any federal claims, the Court does not reach the merits of any state law claims for medical malpractice. The Court recommends dismissing this claim without prejudice. 28 U.S.C. § 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims' " (citation omitted)).

### IV. CONCLUSION AND ORDER

The Court has screened the complaint, and finds that it fails to state a federal claim under the relevant legal standards. The Court recommends dismissing the federal claim with prejudice for failure to state a claim, and dismissing the state claim without prejudice for lack of jurisdiction.

The Court does not recommend granting leave to amend. Plaintiff clearly alleged the circumstances underlying his complaint, including that doctors did not believe he required the pain medication he seeks, and the Court has found that those circumstances do not state a constitutional violation for the reasons described in this order. For that reason, leave to amend would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED for failure to state a claim; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 12, 2018**         /s/ Errin P. Gross
UNITED STATES MAGISTRATE JUDGE